IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JUDY A. MILTON, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION H-10-2806 |
| § | |
| ERIK K. SHINSEKI, Secretary, § | |
| Department of Veterans Affairs, § | |
| § | |
| Defendant. § | |

**OPINION AND ORDER OF DISMISSAL**

Pending before the Court in the above referenced cause, alleging employment discrimination under Title VII of the Civil Rights Act of 1954, as amended, 42 U.S.C. §§ 2000e *et seq.*, and the Age Discrimination In Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.*, is a motion to dismiss without prejudice for lack of service of process (instrument #5), filed on December 7, 2010 by Defendant Erik K. Shinseki, Secretary of Department of Veterans Affairs. Although represented by counsel, Plaintiff Judy A. Milton has failed to respond.

Defendant submits a Declaration from Deborah K. McCallum, Assistant General Counsel for the Department of Veterans Affairs, demonstrating that Defendant had not been served with summons and complaint as of December 7, 2010, more than 120 days after the complaint was filed on August 6, 2010.  Ex. A to #5.  He also points out that instrument #4 on the docket sheet reflects

Plaintiff's only attempt at service of process on November 30, 2010, when a copy of the summons and complaint was delivered to the U.S. Attorney's Office for the Southern District of Texas and served on the U.S. Attorney's designee, Larry Chaney, to receive process.  The named Defendant has never been properly served. Moreover, he highlights this Court's August 10, 2010 Order for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons (#2), which admonished Plaintiff that Federal Rule of Civil Procedure requires service within 120 days of the filing of the complaint or the court, on its own initiative, may dismiss the action.  The 120-day deadline was Saturday, December 4, 2010, extended to December 6, 2010 by Rule 6(a)(C).  Defendant further notes that Plaintiff has not complied with other court orders, including that a certificate of interested persons be filed within fifteen days of August 10, 2010 and that a Rule 26(f) conference be set to formulate a joint discovery/case management plan which would be filed ten days before the initial conference (originally set on December 1, 2010).

    Under Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service of process for an appropriate period.

Plaintiff bears the burden of demonstrating good cause why service has not been timely effected.  *System Signs Supplies v. U.S. Dept.*

*of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). The Fifth Circuit has instructed,

> To establish good cause, a litigant must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of council or ignorance of the rules does not suffice." [*Winters v. Teledyne Movable Offshore, Inc,*, 776 F.2d 1304, 1306 (5th Cir. 1985).] Additionally, the claimant must make a showing of good faith and establish "some reasonable basis and establish "some reasonable basis for noncompliance within the time specified." *Id.*, (quoting 4A C. Wright & A. Miller, Federal Practice and Procedure § 1165, at 480 (2d ed. 1987).

Id. *See also Gallen v. Guth Dairy, Inc.*, 136 F.R.D. 110, 111 (W.D. La. 1991)("jurisprudence consistently holds that 'neither inadvertence of attorney nor secretarial misdeed constitute[s] good cause.'").

Federal Rule of Civil Procedure 4(i) provides in relevant part the proper method of service on the United States, its agencies and employees:

> **(1) United States.** To serve the United States, a party must:
>
> > **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought-- or to an assistant United States attorney or clerical employee whom the United States attorney designates in writing filed with the court clerk--or
> >
> > **(ii)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; . . .
>
> **(2) Agency; Corporation; Officer or Employee Sued in an Official Capacity.** To serve a United States Agency or corporation or a United States officer or employee sued only in an official capacity, a party must serve the

United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Not only has Plaintiff's counsel failed to effect proper service on Secretary Erik K. Shinseki within 120 days, but he has failed to respond to the motion to dismiss, failed to show good cause for not effecting timely and proper service, and failed to request an extension despite being warned by this pending motion to dismiss, filed nearly two months ago.  Accordingly, the Court

ORDERS that Defendant's motion to dismiss without prejudice for failure to effect service is GRANTED.

**SIGNED** at Houston, Texas, this 1st  day of February , 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE