```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


JUDY A. MILTON,                  §
                                 §
              Plaintiff,         §
                                 §
VS.                              §   CIVIL ACTION H-10-2806
                                 §
ERIK K. SHINSEKI, Secretary,     §
Department of Veterans Affairs,  §
                                 §
              Defendant.         §
```

## OPINION AND ORDER OF DISMISSAL

Pending before the Court in the above referenced cause, alleging employment discrimination under Title VII of the Civil Rights Act of 1954, as amended, 42 U.S.C. §§ 2000e *et seq.*, and the Age Discrimination In Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.*, is a motion to alter or amend judgment (instrument #11) filed by Erik K. Shinseki, Secretary of the Department of Veterans Affairs.

On February 1, 2011, pursuant to a motion from Secretary Shinseki, this Court dismissed this action for lack of service of process (#6). On February 14, 2011, the Court reinstated the case (#8) when Plaintiff Judy A. Milton presented evidence that she had effected service on Defendant. Now the Secretary moves to alter or amend that judgment, with attached documents to show that Plaintiff has still failed to serve him and that Plaintiff's evidence shows

that process was served on the Attorney General of the United States more than 120 days (on December 8, 2010) after the filing of her complaint on August 6, 2010.  #12, Exs. E and G.

Specifically the Secretary complains that Plaintiff's letters to him were sent to an address that appears to be that of the United States Equal Employment Opportunity Commission, not the U.S. Department of Veterans Affairs.  The Secretary argues that this error is not excusable because Plaintiff is represented by counsel, she has previously filed at least one other civil action against the Secretary of the Department of Veterans Affairs,[1] and a brief internet search would have revealed the proper address to send a summons and complaint.  Regardless, the Secretary has still not been served.  *See* Declarations of Deborah K. McCallum demonstrating that nearly seven months have passed since the complaint was filed and Plaintiff has still failed to properly serve a summons and complaint, #5, Ex. 1; #11, Ex. 3.

Moreover, Plaintiff's evidence attached to her motion to alter judgment (#7) reveals that she failed to serve the Attorney General within 120 days of filing her complaint on August 6, 2010, and therefore service was untimely under Federal Rule of Civil Procedure 4m.  Plaintiff has not shown good cause for the failure to serve him timely.

---

[1] *Milton v. Principi*, No. H-03-5837, 2005 WL 2561619 (S.D. Tex. Oct. 12, 2005)(Atlas, J.), copy attached to #11.

The Secretary asks the Court to set aside its order of reinstatement (#8) and reinstate its order of dismissal (#6) of this action for lack of proper and timely service.

In response, Plaintiff states that she received a "Transmittal of Final Agency Decision or Order," with a letterhead that reads, "Department of Veterans Affairs, Office of Employment Discrimination Complaint Adjudication, P.O. Box 77960, Washington, D.C. 20012." Ex. A to #12. She used this address for service. Moreover she vaguely claims difficulties in communicating with Defendant's counsel.

In reply, the Secretary explains that Plaintiff's transmittal letter is merely a cover page for a fourteen-page Final Agency Decision ("FAD"( which, significantly, was not submitted to the Court by Plaintiff), including two pages with specific instructions regarding her right to appeal and the proper address for the Department of Veterans Affairs.  #13, Ex. 1.  Furthermore, a comparison of the transmittal heading and Plaintiff's two letters reveals that the addresses do not match, and that the transmittal letter does not contain Erik K. Shinseki's name or title, or the "Office of Federal Operations," to which she purportedly sent her letters. Moreover, even though the transmittal letters received by Plaintiff and Defendant are supposed to be duplicate copies, there are stark differences between them:  (1) Plaintiff's Ex. A is not dated, while Defendant's is dated July 8, 2010; (2) Plaintiff's Ex.

A contains a heading with a P.O. Box and zip code for the Office of Federal Operations ("OFO") even though that letter was not issued by the OFO, while Defendant's Ex. 1 contains the correct heading, address and zip code for the office that issued the transmittal letter and attached FAD (with the same address). *See* Defendant's Ex. 1, Declaration of Maxanne R. Witkin, 3/3/11, author of the transmittal letter, attesting to the irregularities of Plaintiff's Ex. A. *See also* Ex. 2, Declaration of Karen Clegg, 3-3-11, Deputy Director of the Department of Veterans Affairs, Office of Employment Discrimination Complaint Adjudication, addressing same. The Secretary concludes that Plaintiff's Ex. A is not authentic. Furthermore, because Plaintiff is represented by counsel, Plaintiff and her attorney's failure to find the correct address for service, provided on page 13 of the FAD, and in spite of the fact that she previously sued the Department of Veterans Affairs and is a frequent filer of administrative complaints and could have consulted her own filings, and in spite of the fact that the Defendant's address is readily available on the agency's web site or by telephone call, Plaintiff has not shown good cause for her failure to effect service timely and properly.

"[W]hen the failure of effected service of process is due to the 'dilatoriness or fault' of the plaintiff, relief from dismissal for insufficiency of service should be denied." *Lindsey v. U.S.R.R. Retirement Bed.*, 101 F.3d 444, 447 (5th Cir.

1996)(discussing obligations of plaintiff to effect timely and proper service), *quoting Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). *See also Rice v. MgBakor*, No. 3:08cv152-L, 2008 WL 479660, *2 (N.D. Tex. Oct. 29, 2008); *Brown v. Astrue*, No. 08-83, 2008 WL 4722339, *1 (E.D. La. Oct. 23, 2008).

In a sur-reply (#14), Plaintiff concedes that the address she used to serve the Secretary was "inaccurate," but continues to argue that it was the address on the FAD and that any mistake in service was the fault of the agency, and maintains that the mistake "was no fault of the Plaintiff." She further requests an opportunity to correct the mistake. She notes that Defendant has long been aware of her complaints and that the lawsuit is no surprise to the Department of Veteran Affairs.

### Court's Decision and Order

Federal Rule of Civil Procedure 4m instructs the court to allow extra time for service if there is good cause for plaintiff's failure to effect service within 120 days. 48 Charles Alan Wright and Arthur Miller, Fed. Prac. & Proc. Civ. § 1137 (3d ed.). Plaintiff bears the burden of showing good cause. *Id.* The plaintiff must at minimum demonstrate "as much as would be required to show excusable neglect, as to which inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). Here, under the circumstances established by Defendant's documentary evidence,

Plaintiff has not carried that burden.  The continued failure of Plaintiff and her attorney to perfect timely and proper service on the Secretary and the Attorney General goes well beyond mere inadvertence.  After reviewing the record and the law, the Court concurs with Defendant that this case should be dismissed for continued, inexcusable failure to effect timely and proper service. *See, e.g., Shockley v. U. of Texas Med. Branch*, 2008 WL 4138105, *3 (N.D. Tex. Sept. 4, 2008).  Accordingly, the Court

    ORDERS that Defendant's motion  to alter or amend judgment (#11) is GRANTED and this case is DISMISSED.

    **SIGNED** at Houston, Texas, this  12th  day of  May , 2011.

                                                   MELINDA HARMON
                                 UNITED STATES DISTRICT JUDGE